IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-76-D

|                             |   |        |
|-----------------------------|---|--------|
| UNITED STATES OF AMERICA    | ) |        |
|                             | ) |        |
| v.                          | ) | **ORDER** |
|                             | ) |        |
| ANTHONY SHERIDAN KERRIN III | ) |        |
|                             | ) |        |
| Defendant.                  | ) |        |

On May 9, 2019, Anthony Sheridan Kerrin, III ("Kerrin" or "defendant") was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 [D.E. 1]. On October 15, 2020, Kerrin waived arraignment before a United States District Judge, [D.E. 43], and United States Magistrate Judge Numbers held defendant's arraignment [D.E. 42]. At the arraignment, Magistrate Judge Numbers refused to accept Kerrin's plea "due to defendant's difficulty understanding" the proceedings and "concerns that the plea is not freely and voluntarily entered." Id. Accordingly, Magistrate Judge Numbers instructed the clerk to enter a not guilty plea and to set the case for trial. Id. That same day, Kerrin's arraignment was rescheduled to be held before this court on November 10, 2020 [D.E. 44].

On November 10, 2020, Kerrin's defense counsel was present but Kerrin did not appear for his arraignment. During the proceedings, Kerrin's counsel questioned Kerrin's competence to proceed with the arraignment and moved for a competency determination [D.E. 45]. The court issued an oral order granting defendant's motion for a competency determination, issued a bench warrant for Kerrin's arrest, and Kerrin was arrested [D.E. 46].

Pursuant to 18 U.S.C. § 4241(a), the court finds "reasonable cause to believe that [Kerrin] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him

or to assist properly in his defense." 18 U.S.C. § 4241(a). Thus, Kerrin is remanded to the custody of the Attorney General for a psychological or psychiatric evaluation. See 18 U.S.C. § 4241(b). Upon receipt of the report, the court will conduct further proceedings. The court finds that due to the need to evaluate Kerrin's competence, the ends of justice served by delaying defendant's arraignment until the completion of a psychological or psychiatric evaluation outweigh the best interests of the public and the defendant in a speedy trial. Thus, the period of delay is excluded from speedy trial computation pursuant to 18 U.S.C. § 3161(h).

SO ORDERED. This 10 day of November 2020.

JAMES C. DEVER III
United States District Judge